[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10243
Non-Argument Calendar

_____

D. C. Docket No. 99-00434-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE KANAYA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2005)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Andre Kanaya was serving a five-year term of supervised release following

his conviction and imprisonment for embezzlement when the probation department issued a petition for warrant for violations of supervised release. The petition charged that Kanaya violated the conditions of his release by (1) his arrest for aggravated assault; (2) his arrest for possession of a firearm by a convicted felon; (3) the failure to make restitution payments; and (4) the failure to submit complete monthly reports.

At the revocation hearing, Kanaya stated that he was prepared to admit the violations regarding the failure to make restitution and to submit reports. He further stated that he wished to admit the other violations, but that he could not do so because other criminal charges were pending in connection with the arrests.

Coral Gables police officer Jane Rojas testified that she had interviewed and arrested Kanaya after an incident based on a domestic dispute between Kanaya's cousin and another man in which Kanaya fired a gun at the victim. Rojas further explained that Kanaya had admitted that he had the gun and he told police how he had disposed of it.

Based on the testimony, the court concluded that Kanaya had violated all four conditions of his release. Acknowledging that the guidelines gave an advisory range of twelve to eighteen months imprisonment, the court inquired as to the statutory limits. The probation officer explained that, because the original

2

underlying charge was a Class B felony, the court could impose up to three years, which was the time remaining on Kanaya's supervised release, and up to two years of additional supervised release after imprisonment. The court determined that the guidelines range was inadequate to reflect the harm and the need to protect the public, and, therefore, sentenced Kanaya to three years imprisonment and an additional two years supervised release. Kanaya objected to a sentence in excess of the guidelines range on the ground that the court had not given notice of a possible departure.

We review the district court's decision to exceed the Chapter 7 sentencing range for an abuse of discretion. United States v. Hofrieka, 83 F.3d 357, 362 (11th Cir. 1996).

Chapter 7 of the Sentencing Guidelines contains policy statements which provide ranges of imprisonment that a court may follow when revoking probation or supervised release. See U.S.S.G. Ch. 7, Pt. A, intro. The Chapter 7 policy statements are advisory only and are not binding on the sentencing court; nevertheless, the sentencing court should consider the guidelines range in imposing sentence. Hofrieka, 83 F.3d at 362.

There is no merit to Kanaya's argument that the court was required to give notice before sentencing him in excess of the guidelines range, as this claim is

foreclosed by this court's decision in <u>Hofrieka</u>, which held that a sentence in excess of the Chapter 7 guidelines range is not a departure that requires notice. <u>See</u> 83 F.3d at 362-63.

Here, Kanaya's offense constituted a Class B felony, authorizing the district court to impose a sentence of up to three years imprisonment. 18 U.S.C. § 3583(e)(3). The court considered the guidelines range and the factors set forth in 18 U.S.C. § 3553(a) and determined that the guidelines range was inadequate. Because the district court was not required to give notice that it would sentence Kanaya outside the guidelines range, and the sentence imposed was within the statutory maximum, the district court did not abuse its discretion. Accordingly, we AFFIRM.